UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

YIMING WANG,

    Plaintiff,

v.

XINYI LIU, et al.

    Defendants.

NO. 1:16-CV-12581-DJC

## DEFENDANTS SHENGXI TINA TIAN AND MT LAW, LLC'S ANSWER

Defendants Shengxi Tina Tian, Esq., and MT Law LLC (together, "MT Law") submit this answer to plaintiff Yiming Wang's ("Yiming" or the "plaintiff") *First Amended Complaint* (the "Complaint") as follows.

### FIRST DEFENSE

For its first defense, MT Law states that the claims against it fail as a matter of law because it did nothing wrong in its work on the matters underlying the Complaint, and that the firm acted with the requisite diligence and care. MT Law properly advised its client, Yiming, at all times, and successfully pursued approval for his green card application to live and work in the United States.

### SECOND DEFENSE

For its second defense, MT Law states that the claims against it fail as a matter of law because the alleged malpractice fell beyond the scope of the firm's engagement. MT Law's engagement agreement with the plaintiff expressly limited the scope of the firm's work to his immigration case, excluded any due diligence work in connection with his investment with Bling Entertainment, LLC ("Bling Entertainment")t, and recommended that the plaintiff retain separate counsel to conduct due diligence over his investment. Indeed, during the course of the

engagement, MT Law consistently told the plaintiff that its scope of work was limited to his immigration case.

### THIRD DEFENSE

For its third defense, MT Law states that the claims against it fail as a matter of law because nothing that it did, or did not do, proximately caused plaintiff any harm.

### FOURTH DEFENSE

For its fourth defense, MT Law states that plaintiff failed to mitigate his alleged damages.

### FIFTH DEFENSE

For its fifth defense, MT Law states that plaintiff's own negligence as well as negligence or other misconduct by others were the proximate cause of any harm that he alleges to have suffered.

### SIXTH DEFENSE

For its sixth defense, MT Law states that the claims against it fail as a matter of law because the Complaint fails to allege all of the elements necessary to sustain plaintiff's claims.

### SEVENTH DEFENSE

For its seventh defense, MT Law states that the plaintiff assumed the risk that he would not achieve his investment goals by investing in Bling Entertainment.[1] Indeed, it is a statutory requirement that an EB-5 petitioner's investment be "at risk". Plaintiff, by investing in Bling Entertainment to obtain an EB-5 green card for himself and his wife, committed to assuming the investment risk as required by law.

### EIGHTH DEFENSE

For its eighth defense, MT Law answers the specific allegations of the Complaint as follows.

00735033.1

## INTRODUCTION

1. This paragraph is an introductory statement that requires no response. To the extent than any response is required, denied.

2. This paragraph is an introductory statement that requires no response. To the extent than any response is required, denied.

3. This paragraph is an introductory statement that requires no response. To the extent than any response is required, denied.

4. This paragraph is an introductory statement that requires no response. To the extent than any response is required, denied. Further answering, MT Law never conducted any accounting work for Bling Entertainment.

5. This paragraph is an introductory statement that requires no response. To the extent than any response is required, MT Law is without sufficient information to admit or deny the allegations of this paragraph.

## PARTIES

6. MT Law is without sufficient information to admit or deny the allegations of this paragraph.

7. MT Law is without sufficient information to admit or deny the allegations of this paragraph.

8. MT Law is without sufficient information to admit or deny the allegations of this paragraph.

---

[1] MT Law further reserves the right to assert additional affirmative defenses and to supplement, alter, or change this answer as the facts of this case develops through investigation and discovery.

9. MT Law is without sufficient information to admit or deny the allegations of this paragraph.

10. Admitted.

11. Admitted.

12. Admitted.

## JURISDICTION AND VENUE

13. The allegations of this paragraph amount to a statement of law to which no response is required.

14. The allegations of this paragraph amount to a statement of law to which no response is required.

15. The allegations of this paragraph amount to a statement of law to which no response is required.

16. The allegations of this paragraph amount to a statement of law to which no response is required.

## FACTS

17. MT Law is without sufficient information to admit or deny the allegations of this paragraph.

18. Upon information and belief, admitted..

19. Upon information and belief, admitted.

20. Upon information and belief, admitted.

00735033.1

21. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

22. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

23. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

24. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

25. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

26. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

27. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

28. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

29. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

30. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

31. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

00735033.1

32. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

33. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

34. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

35. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

36. Upon information and belief, admitted.

37. Denied.

38. The allegations of this paragraph contain statements of law to which no response is required. Otherwise, denied.

39. Admitted.

40. The document speaks for itself. To the extent that this paragraph purports to characterize the document, denied. Further answering, the attorney's fees were actually $26,500, and the remaining amounts are for out-of-pocket costs and expenses.

41. The allegations of this paragraph contain statements of law to which no response is required.

42. Denied. Further answering, the parties' retainer contract governed the scope of MT Law's work, which did not include any due diligence review of Bling Entertainment. To the contrary, the retainer contract expressly advised plaintiff to retain separate counsel to conduct due diligence into Bling Entertainment.

43. The allegations of this paragraph contain statements of law to which no response is required. Otherwise, denied, particularly where the retainer contract expressly limited the scope of work to immigration issues.

44. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

45. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

46. Denied.

47. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

48. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

54. Denied.

55. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

56. Denied.

57. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

58. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

59. Upon information and belief, denied.

60. MT Law denies the allegations of the first sentence of this paragraph. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

61. Upon information and belief, denied.

62. Upon information and belief, denied.

63. Denied. Further answering, MT Law is unaware of any fraudulent documents, or any non-existent investors.

64. MT Law denies that it was involved in any discussions with Mr. Huang "on ideas of how to prevent Yiming's petition from being rejected." MT Law is without sufficient information to form an opinion as to the truth of the remaining assertions contained in this paragraph.

65. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

66. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

67. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

68. Denied.

## Count I

69. MT Law repeats and restates its responses to the prior paragraphs.

70. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

71. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

72. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

73. MT Law is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph.

## Count II

74. MT Law repeats and restates its responses to the prior paragraphs.

75. Denied.

76. Upon information and belief, denied.

77. Denied.

78. Denied.

## Count III

79. MT Law repeats and restates its responses to the prior paragraphs.

00735033.1

80. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

81. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

82. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

83. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

84. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

## Count IV

85. MT Law repeats and restates its responses to the prior paragraphs.

86. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

87. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

88. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

89. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

90. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

## Count V

91. MT Law repeats and restates its responses to the prior paragraphs.

92. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

93. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

## Count VI

94. MT Law repeats and restates its responses to the prior paragraphs.

95. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

96. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

97. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

98. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

## Count VII

99. MT Law repeats and restates its responses to the prior paragraphs.

100. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

101. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

102. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

## **Count VIII**

103. MT Law repeats and restates its responses to the prior paragraphs

104. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

105. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

106. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

107. The allegations of this paragraph do not concern MT Law, so no response is required. To the extent that any response is required, denied.

## **Count IX**

108. MT Law repeats and restates its responses to the prior paragraphs

109. Admitted.

110. Denied.

111. Denied.

## **Count X**

112. MT Law repeats and restates its responses to the prior paragraphs.

113. Admitted.

114. The document speaks for itself, so no response is required. To the extent that a response is required, denied. Further answering, the parties' engagement agreement specifically excluded due diligence into the investment from the scope of engagement.

115. Denied.

116. Denied.

## **Count XI**

117. MT Law repeats and restates its responses to the prior paragraphs

118. MT Law admits it was paid $30,500 (for attorney's fees, costs, and expenses) but is without sufficient information to form an opinion as to the truth of the assertions contained in this paragraph about what the plaintiff understood.

119. Admitted.

120. Denied.

121. Denied.

122. Denied.

WHEREFORE, the MT Law requests this Court do the following:

A. Enter judgment for MT Law on all counts of the complaint;

B. Award to MT Law its costs, disbursements and reasonable attorneys' fees incurred in this action; and

C. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

SHENGXI TINA TIAN, ESQ., and

MT LAW LLC

By their attorneys,

_____/s/ Edward S. Cheng_____

Edward S. Cheng (BBO# 634063)
escheng@sherin.com
Thomas W. Kirchofer (BBO# 666798)
twkirchofer@sherin.com
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110
Tel. (617) 646-2000
Fax. (617) 646-2222

Dated: April 24, 2017

14

00735033.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 24, 2017, I caused to be filed electronically a true copy of the foregoing document using the CM/ECF system which effected service of the same upon all counsel of record.

                                                /s/ Edward S. Cheng
                                                Edward S. Cheng

00735033.1